UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNE ELIZABETH BROGDON,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON CHILDREN'S ADMINISTRATION, et al.,<br><br>                Defendants. | CASE NO. C19-5332 BHS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT AND CLOSING CASE |

This matter comes before the Court on review of Plaintiff June Elizabeth Brogdon's ("Brogdon") amended complaint. Dkt. 8.

On April 22, 2019, Brogdon filed a motion to proceed *in forma pauperis* and a proposed complaint. Dkts. 1, 1-1. On May 6, 2019, United States Magistrate Judge Theresa Fricke granted Brogdon's motion and recommended that the Court review the complaint before ordering service. Dkt. 4. On May 30, 2019, the Court identified

deficiencies in Brogdon's complaint, dismissed the complaint, and granted Brogdon leave to amend. Dkt. 7. On June 10, 2019, Brogdon filed an amended complaint. Dkt. 8.

Brogdon alleges that Defendants illegally seized her children in May 2012 and requests that the Court (1) clear her record with the Children's Administration, (2) reverse the adoptions of her children, (3) restore her parental rights, (4) return her children, and (5) award actual and punitive damages. *Id.* at 6.

Upon review of the complaint, the Court finds that dismissal is warranted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). Brogdon's claims for violations of her constitutional rights are insufficient because they are conclusory. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In this case, Brogdon fails to state a claim against any individual defendant or provide any detailed allegations against the entity defendants. The amended complaint lists only the Children's Administration as a defendant, which is not subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989)("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Moreover, all of the alleged violations appear to have happened in 2012 and any § 1983 claim would be barred by the applicable statute of limitations. *See Montero v. Washington State Patrol*, C05-1092C, 2005 WL 3500832, at *3 (W.D. Wash. Dec. 21, 2005) ("the Court finds that Plaintiffs' cause of action under § 1983 is subject to a three-year limitations period."). Therefore, the Court *sua sponte* dismisses her complaint.

The final question is whether the Court should grant Brogdon leave to amend. "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, "[t]he trial court's discretion to deny [leave to amend] is particularly broad where, as here, a plaintiff previously has been granted leave to amend." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

In this case, the Court finds that leave to amend is not warranted. The Court granted Brogdon leave to amend and Brogdon failed to correct the identified deficiencies. Additionally, Brogon asserted similar claims in a previous suit that was dismissed. *See Brodgon v. State of Washington*, C16-6017-RBL, (W.D. Wash. April 10, 2017) (order

denying motion to proceed *in forma pauperis*). Therefore, the Court dismisses Brogdon's complaint for failure to state a claim and without leave to amend. The Clerk shall terminate the pending motions, enter a JUDGMENT, and close this case.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge